**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KONINKLIJKE KPN N.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| SIERRA WIRELESS, INC., AND | ) | |
| SIERRA WIRELESS AMERICA, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff Koninklijke KPN N.V. (hereafter "KPN" or "Plaintiff") makes the following allegations against Sierra Wireless, Inc. and Sierra Wireless America, Inc. (collectively "Sierra Wireless" or "Defendants"):

**BACKGROUND**

1.  KPN's extensive research and development efforts have led to hundreds of issued patents in the United States and across the world.  These patents have in turn been licensed by leading global telecommunications companies, including many of Sierra Wireless's mobile technology competitors.

2.  KPN has made its patents available for license on an individual basis through bilateral negotiations and, at the licensor's option, collectively through joint licensing or patent pool licensing arrangements.

3.  The patent asserted here was previously the subject of a lawsuit that was pending, until its resolution shortly before trial, in the Eastern District of Texas.  During that litigation the court

construed many disputed claim terms and the Patent Trial and Appeal Board largely declined to institute a Petition for *Inter Partes* Review of the asserted claims finding "no reasonable likelihood" that several of the asserted claims were invalid in light of the grounds raised.

4.   Upon information and belief, despite lengthy negotiations involving senior members of the parties, Sierra Wireless has refused to license, on mutually agreeable terms, the patents described herein.   Plaintiff therefore files this suit against Sierra Wireless seeking the Court's protection of its valuable intellectual property rights.

## PARTIES

5.   Plaintiff KPN is a telecommunications (including fixed, mobile, television and internet) and ICT solution provider headquartered at Maanplein 55, NL-2516 CK, The Hague, The Netherlands.

6.       Upon information and belief, Defendant Sierra Wireless, Inc. is a corporation organized and existing under the laws of Canada with its principal place of business at 13811 Wireless Way, Richmond, British Columbia V6V 3A4, Canada. Sierra Wireless, Inc. can be served with process pursuant to the Delaware Long Arm Statute, 10 Del. C.§ 3104.

7.       Upon information and belief, Defendant Sierra Wireless America, Inc. is a corporation organized under the laws of Delaware, having a principal place of business at 2738 Loker Ave West, Suite A, Carlsbad, California, 92010.   Sierra Wireless America, Inc. may be served through its registered agent for service of process – The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.   On information and belief, Sierra Wireless America, Inc. is a subsidiary of Defendant Sierra Wireless.

## JURISDICTION AND VENUE

8.  This action arises under the patent laws of the United States, Title 35 of the United States Code.

9.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Defendants because Defendants have, directly or through intermediaries, committed acts within Delaware giving rise to this action and/or have established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

11. Defendants have placed, and are continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of Delaware, including in this District.

12. Upon information and belief, Defendants have derived substantial revenues from their infringing acts occurring within the State of Delaware and within this District. In addition, Defendants have, and continue to, knowingly induce infringement within this District by advertising, marketing, offering for sale and/or selling devices containing infringing functionality within this District, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the use of infringing functionality with knowledge thereof.

13. Venue is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400.

**THE ASSERTED PATENT**

14. This lawsuit asserts causes of action for infringement of United States Patent No. 6,212,662 ("'662 patent" or the "Asserted Patent").

15. The '662 patent was previously the subject of litigation captioned *Koninklijke KPN N.V., v. Samsung Electronics Co., Ltd., et al*., Civil Action No. 2:14-cv-1165 (E.D. Tex.).

16. On July 8, 2016, the United States Patent and Trademark Office, Patent Trial and Appeal Board (PTAB) largely declined to institute *inter partes* review of the '662 patent, finding "no reasonable likelihood of prevailing" on the majority of the invalidity contentions raised by in the Petition, including all invalidity contentions affecting claims 3 and 4 of the '662 patent.   On September 21, 2016, on the eve of the appointed trial date, the parties filed a "Joint Stipulation to Dismiss" that lawsuit.

17. Defendants have been on notice of the asserted patent, were invited to take a license to the asserted patent, and have declined to license the asserted patent.

**COUNT 1**

**INFRINGEMENT OF U.S. PATENT NO. 6,212,662**

18. On April 3, 2001, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,212,662 entitled, "Method and Devices for the Transmission of Data With the Transmission Error Checking."  KPN is the owner by assignment of the '662 patent and holds all right, title and interest to the '662 patent.  A true and correct copy of the '662 patent is attached as Exhibit A.

19. Plaintiff repeats and incorporates the allegations set forth in paragraph 17.

20. Sierra Wireless has infringed and continues to infringe the '662 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, infringing products without authorization.

21. Sierra Wireless directly infringed and continues to directly infringe one or more claims of the '662 Patent by making, selling, using, importing, or offering to sell products or methods that infringe the '662 Patent, including but not limited to the Sierra Wireless EM7355 module and related or similar communication devices, as well as technology or infrastructure making use of or incorporating the same or similar error checking technology described in Ex. A (hereafter "the '662 Accused Products").

22. In addition to the foregoing and/or in the alternative, Sierra Wireless indirectly infringes the '662 Patent by inducing and contributing to infringement by others, including but not limited to OEMs, partners, service providers, manufacturers, importers, resellers, customers, and/or end users, in accordance with 35 U.S.C. § 271(b), in this District and elsewhere in the United States. Sierra Wireless is actively, knowingly, and intentionally inducing infringement of the '662 Patent by practicing the methods set forth therein and by selling, offering to sell and/or importing into the United States the '662 Accused Products; with the knowledge and specific intent that third parties, such as those described above, will continue to, either alone or in combination with Sierra Wireless, practice the patented methods, and use, sell, offer for sale, and/or import the '662 Accused Products supplied by Sierra Wireless to infringe the '662 Patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the '662 Accused Products and/or the creation and dissemination of

promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the '662 Accused Products and infringing uses thereof.

23. In addition to the foregoing and/or in the alternative, Sierra Wireless has knowingly contributed to the infringement of one or more claims of the '662 Patent under 35 U.S.C. § 271(c).  Sierra Wireless is actively, knowingly and intentionally contributing to the infringement of the '662 Patent by selling, offering to sell, and/or importing into the United States, the '662 Accused Products, with the knowledge that they are especially designed or adapted to operate in a manner that infringes the '662 Patent; with the knowledge that third parties, including those set forth above, will continue to, either alone or in combination with Sierra Wireless, infringe the claims of the '662 patent, and with the knowledge that the infringing technology in the '662 Accused Products is not a staple article of commerce suitable for substantial non-infringing use.

24. In addition to the foregoing, Sierra Wireless had pre-suit knowledge of the '662 patent and has knowingly made, used, offered to sell, sold, and/or imported into the United States the '662 Accused Products that infringed and continue to infringe the '662 patent under 35 U.S.C. § 271.  Because Sierra Wireless did so with knowledge of the '662 patent, Sierra Wireless is liable for willful infringement.

25. Sierra Wireless's acts of infringement have caused damage to KPN, and KPN is entitled to recover from Sierra Wireless the damages it has sustained as a result of Sierra Wireless's wrongful acts in an amount subject to proof at trial.

## DEMAND FOR JURY TRIAL

26. Plaintiff hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.      Declaring that Sierra Wireless has infringed the Asserted Patent, contributed to infringement of the Asserted Patent, and/or induced infringement of the Asserted Patent;

B.      Awarding damages arising out of Sierra Wireless's infringement of the Asserted Patent, including enhanced damages pursuant to 35 U.S.C. § 284, to Plaintiff, together with prejudgment and post-judgment interest, in an amount according to proof;

C.      Awarding attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

D.      Awarding such other costs and further relief as the Court may deem just and proper.


Dated: January 30, 2017                    Respectfully submitted,

Of Counsel:                                FARNAN LLP

Lexie G. White                             /s/ Brian E. Farnan
Jeffrey S. David                           Joseph J. Farnan, Jr. (Bar No. 100245)
SUSMAN GODFREY, L.L.P.                      Brian E. Farnan (Bar No. 4089)
1000 Louisiana Street, Suite 5100          Michael J. Farnan (Bar No. 5165)
Houston, Texas 77002                       919 N. Market St., 12th Floor
Telephone: (713) 651-9366                  Wilmington, DE 19801
Facsimile: (713) 654-6666                  Tel: (302) 777-0300
lwhite@susmangodfrey.com                   Fax: (302) 777-0301
jdavid@susmangodfrey.com                   farnan@farnanlaw.com
                                           bfarnan@farnanlaw.com
                                           mfarnan@farnanlaw.com

                                           *Attorneys for Plaintiff*