IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE KPN N.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 17-cv-90-LPS |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SIERRA WIRELESS, INC., AND | ) | |
| SIERRA WIRELESS AMERICA, INC., | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO SEAL LIMITED SECTIONS OF TRANSCRIPT

Plaintiff Koninklijke KPN N.V. ("KPN") moves to seal excerpts of the transcript of the October 24, 2018 discovery dispute hearing in this matter for the reasons stated below.

1. Redaction of a judicial transcript is appropriate where "good cause" is demonstrated. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 662, 786 (3d. Cir. 1994). Courts in this District have recognized that good cause to redact a transcript can exist where the redacted information relates to the confidential terms of patent licensing agreements. *E.g., Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (granting a motion to seal portions of a judicial hearing transcript that related to the terms of a patent licensing agreement). Courts also have been sensitive to protecting confidential business information when a non-party's information could be revealed to the detriment of that non-party. *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 159 (D. Del. 1999) (shielding "a nonparty competitor's sales and marketing plans, financial forecasts, margin, pricing, cost and customer information" from disclosure).

2. KPN respectfully submits that good cause accordingly exists here for sealing portions of the hearing transcript. In particular, during the course of the discovery dispute hearing, the parties discussed sensitive, highly confidential, and proprietary contractual

information of KPN, namely (1) █████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████

3. This material is neither dated nor currently available to the public. *See* Affidavit of ███████████████████████████ (attached as Exhibit C). ███████████████

████████████████████████████████████████████████████████████████

███████████████████. *See id*. There also is no strong public interest in such information.

4. In addition, the redactions KPN proposes are narrow and would not "obscure any discussion of the actual nature of the parties' dispute" from public view. *Mosaid Tech. Inc.*, 878 F. Supp. 2d at 512.

5. On the other hand, public disclosure would inflict a clearly defined and serious injury on KPN (and the non-party Sisvel entities) ████████████████████████

████████████████████████████████████████████████████████████████

████████. ███████████████ In addition, the release of this confidential information ████████████████████████████████████████████████████████████████

███████████████. *Id*.

6. Accordingly, KPN requests that the text at 4:1, 4:24, 5:1–22, 6:10–14, 7:21, 7:23–8:7, 8:12–8:15, 8:19–9:7, 9:10–13, 9:15–23, 10:9–10:11, 10:18–20, 10:24–11:23, 12:10–11, 16:5–17:5, 17:16–17:18, 17:24–18:2, 18:9–18:17, 18:24–19:1, 20:9–20:17, 21:7–9, 21:24, 22:6–23:19, 26:5, 27:2–28:25, 29:9–30:7, 30:18–31:7, 31:23–32:11, 33:9–11, 36:12–20, 38:8–12, 40:6–8, 42:21–43:5, 43:10–18, 43:23, 44:8–9, 45:23, 45:25–46:1, 46:4, and 46:10–11 of the transcript be redacted. For the Court's convenience, KPN has highlighted the relevant text in the

transcript attached as Exhibit A. KPN also has attached a proposed redacted version of the transcript as Exhibit B.

7. For these reasons, KPN respectfully submits that good cause exists for sealing the above identified sections of the transcript and requests that the Court grant this motion.

8. Pursuant to L.R. 7.1.1., KPN provided counsel for Sierra Wireless with the document now attached as Exhibit A and asked whether Sierra Wireless would oppose KPN's request to redact such material. Counsel for Sierra Wireless responded simply: "Sierra will oppose any redactions to the transcript." Delaware counsel for Sierra Wireless subsequently confirmed its position to Delaware counsel for KPN during a November 16th telephone call.

Dated: November 19, 2018

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Lexie G. White (admitted *pro hac vice*)
Hunter A. Vance (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
Jeffrey S. David (admitted *pro hac vice*)
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
lwhite@susmangodfrey.com
hvance@susmangodfrey.com

asalinas@susmangodfrey.com
jdavid@susmangodfrey.com

Andres C. Healy (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 505-3843
Facsimile: (206) 516-3883
ahealy@susmangodfrey.com

*Attorneys for Plaintiff*

4