# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE KPN N.V. | : |
|         Counterclaim-Defendant, | : |
| v. | :   C.A. No. 17-90-LPS |
| SIERRA WIRELESS, INC. and<br>SIERRA WIRELESS AMERICA, INC., | : |
|         Counterclaim-Plaintiffs. | : |

Brian E. Farnan, Michael J. Farnan, Joseph J. Farnan, Jr., FARNAN LLP, Wilmington, DE

Andres C. Healy, SUSMAN GODFREY LLP, Seattle, WA

Lexie G. White, Hunter A. Vance, Alejandra C. Salinas, Jeffrey S. David, Rocco Magni, SUSMAN GODFREY LLP, Houston, TX

    Attorneys for Counterclaim-Defendant


Jack B. Blumenfeld, Jeremy A. Tigan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE

Adam Alper, Reza Dokhanchy, KIRKLAND & ELLIS LLP, San Francisco, CA

Michael W. De Vries, Christopher M. Lawless, JB Schiller, KIRKLAND & ELLIS LLP, Los Angeles, CA

    Attorneys for Counterclaim-Plaintiffs


## MEMORANDUM OPINION

April 16, 2020
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Pending before the Court are Plaintiff/Counterclaim-Defendant Koninklijke KPN N.V.'s ("KPN") motion for summary judgment (D.I. 193) and motion to strike (D.I. 197). At issue are Defendants Sierra Wireless, Inc. and Sierra Wireless America, Inc.'s (collectively "Sierra") counterclaims for breach of contract and breach of covenant of good faith and fair dealing.[1] (D.I. 13) Sierra's counterclaims are based on its contention that KPN formed a contract with the ETSI and TIA standard-setting bodies by representing that its patent, U.S. Patent No. 6,212,662 ("the '662 patent"), is standard-essential and subject to FRAND terms. (*Id.* at ¶¶ 27-35, 44-65) Sierra alleges that KPN breached its contractual obligations and the associated covenants by engaging in discriminatory licensing, refusing to negotiate, and demanding royalties that exceed FRAND rates. (*Id.*)

In its motion for summary judgment, KPN argues that Sierra's breach of contract and breach of covenant counterclaims fail because a contract would only have formed if the '662 patent was standard-essential. (D.I. 194 at 9-10) According to KPN, Sierra has failed to prove essentiality because: (1) Sierra did not comply with the Court's order requiring it to accept KPN's claim constructions; (2) Sierra did not conduct an objective essentiality analysis (instead relying on KPN's view of the '662 patent); and (3) the Court's invalidation of the '662 patent precluded it from being essential.[2] (*Id.* at 9-19)

---

[1] Sierra voluntarily withdrew its promissory estoppel counterclaim without prejudice. (D.I. 208 at 2 n.1)

[2] On March 22, 2018, this Court entered judgment finding that KPN's '662 patent was not directed to patentable subject matter pursuant to 35 U.S.C. § 101. (*See* D.I. 75) KPN appealed and, on November 15, 2019, the Federal Circuit reversed. *See Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143 (Fed. Cir. 2019). Having reviewed the parties' letter briefs regarding the impact, if any, of the Federal Circuit's decision on the summary judgment motion

Having reviewed the briefing and related materials (D.I. 193, 194, 197, 198, 208, 211, 218, 220, 243, 244), and having heard oral argument on July 12, 2019 (*see* Tr. (D.I. 229)), the Court will grant KPN's motion for summary judgment and deny as moot KPN's motion to strike.

## II.     LEGAL STANDARDS

### A.     Summary Judgment

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587

---

(D.I. 242, 243), the Court has concluded that it has no impact. As explained below, summary judgment for KPN is warranted on grounds unrelated to Section 101. The Court rejects Sierra's suggestion that the Court should defer ruling on KPN's motions until after claim construction and subsequent expert discovery. (*See* D.I. 244 at 1) KPN's motions are already quite old (having been filed more than 13 months ago, in March 2019). (D.I. 193, 197) And having concluded that Sierra failed to comply with the Court's order to accept KPN's claim constructions, the Court sees no reason to excuse that failing as a consequence of KPN having subsequently prevailed in its appeal. Sierra has had a full and fair opportunity to litigate its counterclaims.

(internal quotation marks omitted).  The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").  Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the nonmoving party.  *Anderson*, 477 U.S. at 252.

      **B.**      **Motion to Strike and Preclude Expert Opinion**

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court explained that Federal Rule of Evidence 702 creates "a gatekeeping role for the [trial]

judge" in order to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Rule 702(a) requires that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." Expert testimony is admissible only if "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d).

There are three distinct requirements for proper expert testimony: (1) the expert must be qualified; (2) the opinion must be reliable; and (3) the expert's opinion must relate to the facts. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000).

### III. DISCUSSION

#### A. KPN's Motion for Summary Judgment

The threshold question underpinning Sierra's counterclaims is whether the '662 patent is standard-essential. Both of the purported contracts into which KPN entered, with ETSI and TIA, do not bind KPN if its '662 patent is not essential.[3] If there is no contract, then there is nothing

---

[3] The alleged contract between KPN and ETSI states:

> ***To the extent that*** the IPR(s) disclosed in the attached IPR Information Statement Annex ***are or become, and remain ESSENTIAL*** in respect to the ETSI Work Item, STANDARD and/or TECHNICAL SPECIFICATION identified in the attached IPR Information Statement Annex, the Declarant and/or its AFFILIATES are ***prepared to grant irrevocable licenses*** under this/these IPR(s) on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy.

(D.I. 195 Ex. 6 at 1) (emphasis added) The alleged contract between KPN and TIA states:

> A license under any Essential Patent(s), the license rights to which are held by the undersigned Patent Holder, ***will be made available to all applicants under terms and conditions that are reasonable and non-discriminatory***, which may include monetary

4

for KPN to breach, and summary judgment has to be entered for KPN on Sierra's counterclaims.

The Court concludes that Sierra's counterclaims fail at this threshold question, for several reasons.

First, Sierra failed to follow the Court's instructions and adopt everything KPN has said about the '662 patent as true. The Court was driven to give this clear direction in response to the parties' mutual refusal to adopt a clear position on whether, in fact, as an objective matter, the '662 patent actually is essential to certain wireless communications standards.

There is evidence KPN internally considered the '662 patent standard-essential. (D.I. 210 Ex. 118 at 603-06) KPN stated at oral argument that it initiated suit against Sierra only to recover a reasonable royalty pursuant to its FRAND obligations. (Tr. at 15-16, 77) A reasonable (but not the only) interpretation of KPN's infringement contentions is that because Sierra practices certain standards it necessarily must also infringe the '662 patent, which logically implies that KPN views its '662 patent as standard essential. (*See generally* D.I. 194, 208) However, in response to Sierra's counterclaims, which are predicated on the assumption that the '662 patent is essential, KPN argues that its patent may not actually be essential. (*See, e.g.*, D.I. 17 at ¶ 24)

Sierra has likewise failed to take a consistent position as to whether the '662 patent is essential, allowing itself to argue no more than that it is essential "under KPN's view of the claims." (D.I. 209 Ex. 50 at ¶ 63; *see also* D.I. 208 at 13)

---

compensation, and **only to the extent necessary for the practice**
[and in the] field of use of practice **of the Standard**.

(D.I. 195 Ex. 9 at 1) (emphasis added) Sierra agrees that for purposes of its counterclaims, there is no material difference between the ETSI and TIA provisions. (*See* Tr. at 71)

5

Consequently, during a December 21, 2018 telephone conference, Sierra agreed, for the purposes of litigating its counterclaims, to accept as true everything KPN has said about the scope of its claims, including KPN's proposed constructions. Specifically, the following colloquy occurred:

> THE COURT: . . . I think this case is about take everything that [KPN] has said about its patent, ***how it should be construed***, how it should be read on certain products or processes, take that all as true for the . . . remainder of this case. [Sierra is] never going to challenge the truth of that. . . .
>
> MR. CHENG: Yes. So I think, Your Honor, you have articulated what our view is. . . .
>
> THE COURT: Okay. But so long as the case stays as it is, which is just about Sierra's contentions on standard essential patents and a breach of those obligations by [KPN], [Sierra is] accepting as true whatever [KPN has] said about this patent and its *scope*; correct?
>
> MR. CHENG: Exactly right, Your Honor.

(D.I. 188 at 14-16) (emphasis added)

Later during the teleconference, the Court expressly ordered, without objection, that Sierra was thereafter bound to KPN's view of the claim:

> THE COURT: . . . Sierra is locked in and frozen to the position it has articulated today with respect to essentiality. As I think the record will be clear, that position is that Sierra is accepting as true what [KPN] has said about its patent and the scope of its patent, and [Sierra] is not going to be permitted to stray from that acknowledgment and position for purposes of litigating its counterclaim.

(*Id.* at 23)

Subsequently, Sierra failed to comply with its obligation to accept everything KPN has said about its patent, including everything KPN has said about the "scope" of the '662 patent. Instead, Sierra's expert, Dr. Wicker, testified that he based his essentiality opinions entirely on

6

KPN's infringement contentions, which had been served on Sierra on November 29, 2017, but he did *not* consider KPN's proposed claim constructions, which had not even been shared with him. (D.I. 195 Ex. 5 at 181-82, 184, 196)  That is, Sierra deprived its own expert of KPN's proposed claim constructions – even though Sierra received those constructions after receiving KPN's infringement contentions, and even though Sierra had those constructions at the time it made its commitments to the Court during the December 21 call (commitments to which the Court then ordered Sierra to adhere).  (*See* Tr. at 24, 48-49)  Without knowing KPN's constructions, Dr. Wicker did not know KPN's view of the scope of its patent, and, therefore, could not help Sierra comply with its obligation to "accept[] as true what [KPN] has said about its patent and the scope of its patent."  (D.I. 188 at 23)  Sierra's violation of the Court's order, and the resulting lack of probative weight of Dr. Wicker's opinions on essentiality, are alone sufficient grounds for granting summary judgment to KPN.

Second, had Sierra complied with its commitment and the Court's order, and viewed the patent consistent with KPN's proposed constructions, the patent would not be standard essential, *as even Sierra's expert, Dr. Wicker, has admitted.*  This is the only reasonable inference that can be drawn from Dr. Wicker's opinions in both an earlier case and in the instant case.  During a prior suit between KPN and Samsung, the Court construed certain terms of the '662 patent (*see* D.I. 195 Ex. 23 at ¶ 11), and in that case Dr. Wicker, serving as Samsung's expert, opined that the Court's constructions rendered the patent non-essential (and also not infringed) (*id*. at ¶¶ 63, 83, 96, 112, 128, 143, 157, 178, 181, 200, 204).  In the instant case, Dr. Wicker agreed that KPN's proposed constructions (once they were shared with him by KPN) are the same as the Court's constructions in the earlier Samsung case.  (*See* D.I. 195 Ex. 5 at 210-11)  Then he reiterated that under these constructions, the '662 patent is not essential:

> Q: [Was it] your opinion . . . that none of the claims of the '662 patent were required in order to practice any of these standards that we've been discussing.
>
> A: That's correct. *Under the Court's Claim Construction in [the Samsung] case, these claims were not essential*.
>
> Q: Okay. And . . . the *Court's claim constructions in [the Samsung] case are identical* to the constructions that KPN has proposed in this case, correct?
>
> A: *Yes*, that appears to be true.

(*Id.*) (emphasis added)

While Sierra and Dr. Wicker now provide conclusory argument that there may be inconsistencies between KPN's infringement contentions and KPN's proposed constructions (*see* Tr. at 44-48; D.I. 195 Ex. 5 at 213), they have failed to identify any specific inconsistencies. Nor would any inconsistencies absolve Sierra of its obligation to accept KPN's view of its patents. On the whole, the record, even taken in the light most favorable to Sierra, could only lead a reasonable factfinder to find that the '662 patent is not standard-essential on KPN's view of its patent.

Third, there is no other evidence in the record from which a reasonable factfinder could find that the '662 Patent is essential and that, therefore, a contract arose between KPN and ETSIA and/or TIA. Sierra points to a handful of internal KPN e-mails and excerpts of deposition testimony showing that KPN viewed the '662 Patent as "essential" (D.I. 210 Ex. 118 at 603-06; D.I. 209 Ex. 54 at 150), but that is not sufficient. No reasonable factfinder could conclude from just these e-mails and deposition testimony that the '662 Patent is essential and a contractual obligation followed; the e-mails and testimony merely reflect KPN's untested belief (at particular times) that it owned a standard-essential patent. Sierra's evidence fails to compare the claims to the standard (unlike KPN's contentions, which at least partially map the claims to

8

the standard) or provide any other type of analysis that could create a triable issue as to essentiality.

Because no reasonable factfinder could find that KPN had a contractual obligation to ETSI and/or TIA with respect to its '662 patent, it follows that KPN also had no implied covenant of good faith and fair dealing it could have breached. (*See* D.I. 13 at ¶¶ 58, 60 ("KPN's ***contractual commitments contain a covenant*** implied by law that it would deal fairly and in good faith with Sierra . . . KPN has breached the covenant of good faith and fair dealing ***implied in its agreement with ETSI***") (emphasis added); *see also* D.I. 208 (Sierra brief not addressing implied covenants separately)) Summary judgment is warranted on this counterclaim as well.

Accordingly, the Court will grant KPN's motion for summary judgment.

### B. KPN's Motion to Strike

Because the Court is granting summary judgment, and there will therefore be no trial on Sierra's counterclaims, the Court will deny KPN's motion to strike as moot.

## IV. CONCLUSION

For the reasons stated above, the Court will grant KPN's motion for summary judgment and deny KPN's motion to strike as moot. An appropriate order follows.